UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TABARUS ANTHONY JOHNSON,

        Plaintiff,

v.                                     Case No. 1:13-cv-87-SPM-GRJ

BRIAN BATES, et al.,

        Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 16, Plaintiff's response to the Court's Order to Show Cause; Doc. 17, Plaintiff's motion for extension of time to serve Defendants Martain, Johnson, and Grand; and Doc. 19, Plaintiff's letter to the Court regarding service on Defendants Johnson and Grand. For the reasons discussed below, it is recommended that Plaintiff's claims against Defendants Grand and Johnson be dismissed for failure to timely serve them pursuant to Fed. R. Civ. P. 4(m).

## Background

Defendants removed this case from state court on May 9, 2013. (Doc. 1.) A review of the state court record (Doc. 4) reflects that Plaintiff initiated the case on or about April 6, 2012. After nearly a year, the state court entered an order to show cause why the case should not be dismissed because no defendants had been served within the required 120-day period. Approximately one month later, on April 26, 2013, several of the defendants were served. The case was removed to this Court on May 9, 2013, and if the Court were to re-start the clock as of the date of removal, the 120-day deadline to complete service of process passed on September 6, 2013. Fed. R. Civ. P. 4(m). The Court issued an Order to Show Cause on September 17, 2013 (Doc. 15) directing Plaintiff to show cause why Defendants Grand, Johnson, and Martain had not

been served.  Plaintiff responded shortly thereafter, offering no explanation for why he had made no efforts to serve these Defendants but explained what measures he had taken as of September 19, 2013.  (Doc. 16.)  Plaintiff subsequently moved for an extension of time because summonses had been returned to him by the Suwannee County Sheriff's Office.  (Doc. 17.)  Approximately one week later, the Clerk issued summonses for Defendants Grand, Johnson, and Martain.  (Doc. 18.)  Plaintiff apparently resolved his issues presented in the Motion for Extension of Time, Doc. 17, because service was executed on Defendant Martain.[1]  (Doc. 20.)  Service was unsuccessful as to Defendants Grand and Johnson because they no longer work at Suwannee C.I.  (Doc. 21, 22.)  Plaintiff has advised the Court that Defendants Grand and Johnson no longer work at Suwannee C.I., and he has no knowledge as to their whereabouts.  He asks the Court to assist him in locating them.  (Doc. 19.)

## Discussion

Plaintiff has advised the Court that he has no further information about the whereabouts of Defendants Grand or Johnson and has asked the Court to intervene and locate them for him.  (Doc. 19.)  Plaintiff is not proceeding *in forma pauperis* and although he was incarcerated at the time he initiated the lawsuit, he was released, according to the Florida Department of Corrections website, in September 2012, and his mailing address is a residential address.  The Court cannot act for Plaintiff in locating Defendants.  As a non-*in forma pauperis,* non-incarcerated, *pro se* plaintiff, it is

---

[1]Defendant Martain has recently adopted the Motion to Dismiss currently pending on behalf of Defendants Bates, Dickerson, Landrum, Leavings, Lukens, Merriman, and Patten.  (Docs. 9, 23, 24.)

his responsibility to serve all defendants and to do so timely. Both this Court and the state Court have afforded Plaintiff time well beyond the 120-day service deadline to effect service on Defendants. No defendants were served until more than a year after Plaintiff filed the case, and then only after the state court issued an Order to Show Cause why the case should not be dismissed. Although Plaintiff was able to serve Defendant Martain after removal to this Court (Doc. 18), his attempts to serve Defendants Grand and Johnson have been unsuccessful. (Docs. 21, 22.) Plaintiff's notice to the Court (Doc. 19) indicates that he is unable to locate these Defendants; he offers no indication of any efforts he might take to locate them other than relying on the Court's intervention. Accordingly, any further extension of time would be futile, and Defendants Grand and Johnson are due to be dismissed from the case because they have not been timely served. To date, more than one year and seven months has passed since Plaintiff initiated his lawsuit.

Finally, the docket reflects that the Florida Department of Corrections and Suwannee C.I. Annex are also parties that have not been served. Neither party is a proper defendant in this §1983 action because "a suit in which is the State or one of its agencies is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

### Conclusion

Accordingly, upon due consideration, it is **ORDERED** that Plaintiff's motion for extension of time, Doc. 17, is **GRANTED** to the limited extent that the period to timely serve Defendants Grand and Johnson is extended until October 24, 2013.

It is also respectfully **RECOMMENDED** that:

1.  Plaintiff's claims against Defendants Grand and Johnson should be **DISMISSED WITHOUT PREJUDICE** for failure to timely serve these Defendants pursuant to Fed. R. Civ. P. 4(m).

2.  Plaintiff's claims against Florida Department of Corrections and Suwannee C.I. Annex should be **DISMISSED WITH PREJUDICE** for failure to state claim upon which relief can be granted.

**DONE AND ORDERED** this 19th day of November 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**