**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

TABARUS ANTHONY JOHNSON,

    Plaintiff,

v.    CASE NO. 1:13-cv-00087-MP-GRJ

BRIAN BATES, et al.,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Order and Report and Recommendation dated November 19, 2012 (Doc. 25) and the Magistrate Judge's Report and Recommendation dated December 18, 2013 (Doc. 29). The parties have been furnished a copy and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a <u>de</u> <u>novo</u> determination of any timely filed objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the December 18, 2013 Report and Recommendation should be adopted in full, and the November 19, 2013 Order and Report and Recommendation should be adopted in part.

    1.    **November 19, 2013 Order and Report and Recommendation**

The Magistrate Judge recommends dismissal of Plaintiff's claims against the Florida Department of Corrections and Suwannee Correctional Institution Annex because they are not proper defendants. Plaintiff does not object to this part of the recommendation, which the Court

will adopt.[1] The Magistrate Judge also recommends dismissal of Plaintiff's claims against defendants Johnson and Grand because Plaintiff did not serve process on these defendants within 120 days of removal, i.e. by September 6, 2013. The Court will not adopt this part of the recommendation.

This is a prisoner civil rights case that was originally filed in state court on April 6, 2012. When the defendants removed the case to federal court on May 9, 2013, Plaintiff had not served process on defendants Martain, Johnson, and Grand. Under 28 U.S.C. § 1448, Plaintiff had the option to (1) complete service that has not been perfected or (2) have "new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Because Federal Rule of Civil Procedure 4(m) allows 120 days to serve a defendant after a complaint is filed, the Magistrate Judge allowed Plaintiff 120 days from the time of removal, i.e. until September 6, 2013, to serve process on the defendants.[2]

On September 17, 2013, the Magistrate Judge issued an order to show cause why the case should not be dismissed as to defendants Martain, Johnson, and Grand for failure to timely serve process. Plaintiff responded by explaining that he was having difficulty with service because these defendants changed jobs and he had misspelled Grand's name.[3] (Doc. 16). Plaintiff stated that he would be receiving new summonses and have them issued. Id. He also asked for more

---

[1] See Plaintiff's objection (Doc. 26 at 1) ("'Dismiss Florida Dept. of Corrections and Suwannee C.I. Annex' from this case but not Captain Johnson nor Officer Grand.").

[2] This interpretation of the rule to allow 120 days from the date of removal to complete service has been adopted by other district courts. See, e.g., Kimbrough v. City of Cocoa, No. 6:05-cv-471-Orl-31KRS, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006).

[3] Plaintiff explains that individual identified in the complaint as "Grims" should actually be "Grand." (Doc. 16).

time to complete service. (Doc. 17).

The record shows that Plaintiff in fact had new process issued. (Doc. 18). He was successful in serving defendant Martain. (Doc. 20). He was not successful in serving defendants Johnson and Grand, however. The unexecuted returns stated that Johnson and Grand are no longer working at Suwannee Correctional Institution Annex, where Plaintiff designated they be served. (Docs. 21 and 22). Plaintiff then filed a letter asking the court for help in finding Johnson and Grand because Plaintiff had no knowledge of their location. (Doc. 19).

In the November 19, 2013 Order and Report and Recommendation, the Magistrate Judge notes that more than a year and seven months had passed from the time Plaintiff initiated his lawsuit in state court to the time of the order to show cause. Yet Plaintiff had been unable to locate defendants Johnson and Grand and was asking for the court's assistance. Plaintiff gave no indication of any efforts he might take to locate the defendants himself. The Magistrate Judge noted that Plaintiff was not proceeding in forma pauperis under 28 U.S.C. § 1915, so the responsibility for timely serving the defendants fell solely on Plaintiff and he could not depend on the court for help. The Magistrate Judge concluded that dismissal under Rule 4(m) was appropriate because granting Plaintiff an additional extension of time would be futile.

After the Order and Report and Recommendation was issued, however, Plaintiff reported that he was able to locate defendants Johnson and Grand, who are working at the South Florida Reception Center in Doral, Florida. In his objection, Plaintiff asks that these defendants not be dismissed from the case and that he be allowed an extension of time to serve them. By locating these defendants, Plaintiff has demonstrated that granting the extension would not be futile. Furthermore, even though Plaintiff has not demonstrated good cause for an extension, this Court

is required to consider on its own initiative whether any circumstances exist that would warrant granting an extension of time to Plaintiff. Rance v Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009). Two circumstances exist.

First, Plaintiff is proceeding pro se and was declared indigent by the Alachua County Clerk of Court prior to removal of the proceedings to this court.[4] Plaintiff did not seek an in forma pauperis designation under 28 U.S.C. § 1915 when the case was removed, probably because the filing fee for removal was paid for by the defendants. Nevertheless, if Plaintiff had applied to proceed in forma pauperis under 28 U.S.C. § 1915, and was granted permission, Plaintiff would have received assistance from the Court and the United States Marshal in serving the defendants with process. If this happened, Plaintiff would be responsible for providing the court with information to locate the defendants with reasonable effort.[5] But once done, the Court would be "obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." Rance, 583 F.3d at 1286. Although Plaintiff did not apply to proceed in forma pauperis under 28 U.S.C. § 1915, there is a strong indication based on Plaintiff's prior request and qualification to proceed as an indigent in the state court that he

---

[4] See Doc. 4-1 at 62, determination by the Alachua County Clerk of Court that the plaintiff is indigent under Florida Statutes, Section 57.085.

[5] Because prisoners often face problems obtaining the addresses of prison employees, the Eleventh Circuit has held that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010). In this case, Plaintiff was released from prison after filing his lawsuit so he is not in the exact same position as the plaintiff in Richardson. However, as a recently-released prisoner who is suing prison employees for the conditions he faced while in prison, Plaintiff faces problems similar to the the plaintiff in Richardson, and similar concerns are raised by requiring Plaintiff to locate Johnson and Grand for service.

would have applied to maintain that status if he knew he was required to do so. Given these unique circumstances, the Court finds that Plaintiff should be allowed an opportunity to submit an application to proceed in forma pauperis under 28 U.S.C. § 1915 and to receive assistance with service such status would entail. To that end, the clerk of court should provide Plaintiff with the appropriate forms for a non-prisoner to proceed in forma pauperis under 28 U.S.C. § 1915. Also, the time for service should be extended.

The second circumstance warranting an extension is based on reasons of judicial economy. The Court notes that this case is still in an early stage of progress, despite being filed almost two years ago. Discovery has yet to take place. The pleadings will be finalized with a ruling on defendants' motion to dismiss. Allowing Plaintiff an extension of time to serve process on Johnson and Grand at this early stage would not significantly disrupt the progress of the case. Furthermore, if Johnson and Grand, who are implicated in Plaintiff's claim for denial of food, are dismissed from this case without prejudice, a separate lawsuit against them for the same denial of food could be pursued by Plaintiff and litigated at the same time as this case. This separate lawsuit would require a duplicate presentation of evidence relating to common facts, thus increasing the time, expense, and burden necessary for resolution of the claim.

For these reasons, the Court finds that Plaintiff should be given an extension of time to serve defendants Johnson and Grand. Plaintiff should also be given the opportunity to proceed in forma pauperis under 28 U.S.C. § 1915 and to receive assistance with service such status would entail, if granted.

    **2.    December 18, 2013 Report and Recommendation**

The Magistrate Judge recommends that Defendants' motion to dismiss be granted as to

all of Plaintiff's claims, except for the claim based on denial of food. Of the dismissed claims, the Magistrate Judge concludes that some are Heck-barred and others are subject to dismissal for failure to exhaust administrative remedies. This Court will adopt the December 18, 2013 Report and Recommendation in full, without discussion of the Heck issue, which is fully addressed in the Report and Recommendation. Because Plaintiff's objection raises new issues concerning failure to exhaust administrative remedies, however, a brief discussion of that issue follows.

The Magistrate Judge analyzed the exhaustion of administrative remedies under the two-step process set out in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. "If the complaint is not subject to dismissal at the first step . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id.

In their motion to dismiss, Defendants acknowledged that based on one of Plaintiff's direct grievances to the Secretary of the Florida Department of Corrections,[6] Plaintiff exhausted his administrative remedies for the denial of food claim. Defendants argued, however, that Plaintiff did not exhaust his administrative remedies as to his other claims because they were not raised in the direct grievances. (Doc. 9 at 5-7). Furthermore, the direct grievances were the only

---

[6] The plaintiff filed two direct grievances with the Secretary of the Florida Department of Corrections. The first direct grievance, log no. 12-6-03425 was filed on January 24, 2012 and raised issues concerning the denial of food. The second direct grievance, log no. 12-6-08920 was filed on March 20, 2012 and raised issues concerning the plaintiff's transfer back to Suwannee Correctional Institution Annex. (Doc. 9 at 5-6).

central office grievances filed by the plaintiff in the relevant time frame. Id. at 5. No appeals to the central office were taken by Plaintiff; nor were any of his formal or informal grievances approved at the institutional level so as to exhaust remedies at an institutional level and make an appeal unnecessary. Id.

In his response to the motion to dismiss, Plaintiff argued that his direct grievances and verbal statements to various defendants and prison officials were sufficient to exhaust his administrative remedies. (Doc. 11). Plaintiff's argument did not present a factual dispute with the records provided by the defendants. Therefore, based on Defendants records, which demonstrated that Plaintiff failed to exhaust his administrative remedies, the Magistrate Judge properly recommended dismissal.

In his objection, Plaintiff raises a different argument. He states:

> I tried to solve the problem by filing [an] informal grievance but nothing []ever got to the proper level [because] . . . the defendants . . . [brought] back the informal grievance the following day[.] [T]hats when the problem got worse. False allegations, being ma[c]ed, and not fed just because I was writing them up. That's when the direct grievance was written.

(Doc. 30). Plaintiff appears to argue that administrative remedies were unavailable to him because the defendants failed to properly handle his informal grievance or retaliated against him. These arguments fail. The statements in Plaintiff's objection do not provide sufficient detail to infer that Plaintiff's informal grievance was improperly handled.[7] And statements Plaintiff makes in his complaint and direct grievances about the informal grievance are not consistent with each

---

[7] For example, by being returned to him unanswered and unfiled. C.f. Bure v. Miami-Dade Corr. Dep't, 507 Fed. App'x 904, 905-06 (11th Cir. 2013) (finding improper handling when an informal grievance is brought back to a prisoner unanswered and unfiled).

other and are thus unreliable.[8] See Bure v. Miami-Dade Corr. Dep't, 507 Fed. App'x 904, 905-06 (11th Cir. 2013) (finding no clear error in dismissing claims for lack of exhaustion where the plaintiff's allegations about his grievance were not consistent). As for the retaliation taken against him after filing the informal grievance, the record shows that Plaintiff was not actually deterred by it. See Turner, 541 F.3d 1085 (holding that a threat of retaliation must present an objective deterrent and also actually deter a plaintiff from filing a grievance to render an administrative remedy unavailable). Plaintiff filed two direct grievances after his informal grievance. Inexplicably he failed to raise all of his claims in the direct grievances. The unraised claims are properly dismissed for failure to exhaust his administrative remedies.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's December 18, 2013 Report and Recommendation (Doc. 29) is ADOPTED and incorporated by reference in this order.

2. The magistrate judge's November 19, 2013 Order and Report and Recommendation (Doc. 25) is ADOPTED IN PART and incorporated by reference in this order.

3. The Defendants' Motion to Dismiss (Doc. 9) is GRANTED as to all claims except Plaintiff's claim for denial of food.

---

[8] In his complaint, the plaintiff alleges that he received a response to his informal grievance: "the response came back denied 12-28-11 stating that 'at no time were these statements ever said to me, per procedure you were offered trays on the stated dates. It is the inmate's responsibility to accept the tray.'" (Doc. 4-1 at 5). In contrast, in his direct grievance filed on January 24, 2012, the plaintiff states that he did not receive a response: "nothing has been done about this matter. I haven't heard anything about my grievance since it was filed . . . ." (Doc. 9-3 at 1). In his direct grievance dated March 12, 2012, the plaintiff states "I filed informal grievance simply asking them to review the video on those days. December 28th that grievance was denied." (Doc. 9-4).

    a.    Plaintiff's claims that Defendants Merriman and Patten punched him several times while defendants Martain and Dickerson stood by, that he was issued a false disciplinary report for destruction of a pillow; and that an unnamed person used mace on the plaintiff when he declared a psychological emergency on January 13, 2012 are DISMISSED for failure to exhaust administrative remedies.

    b.    Plaintiff's claims against Defendants Bates and Dickerson for the March 2012 disciplinary report are DISMISSED as <u>Heck</u>-barred.

    c.    Plaintiff's claims against supervisory defendants Lukens, Leavings, and Landrum are DISMISSED for failure to state a claim upon which relief can be granted.

4. Plaintiff's claims against the Florida Department of Corrections and Suwannee Correctional Institution Annex are DISMISSED for failure to state a claim upon which relief can be granted.

5. The only claim to survive the motion to dismiss is Plaintiff's claim for denial of food from December 9-11, 2011. Currently, this claim may proceed only against Defendants Merriman and Dickerson, in their individual capacities. The claim may proceed against Defendants Johnson and Grand, in their individual capacities, if the plaintiff can serve process on them.

6. Plaintiff shall have up to and including **April 14, 2014** to serve process on defendants Johnson and Grand.

7. The clerk of court shall mail to Plaintiff the appropriate form for a non-prisoner to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff shall have up to and including **March 17, 2014** to complete the form and file it if he wishes to receive assistance from the Court and the United States Marshal with service of process on Defendants Johnson and Grand.

**DONE AND ORDERED** this ___6th___ day of March, 2014

                *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge